RODRÍGUEZ, APPELLANT, *v.* PORTO RICO RAILWAY, LIGHT & POWER CO., RESPONDENT.

APPEAL from the District Court of San Juan, Section 1.

No. 926.—Decided June 4, 1913.

EVIDENCE—CONTRADICTORY TESTIMONY OF A DECEASED WITNESS.—After the preliminary investigation by the municipal judge of the death of the plaintiff's father the only eyewitness to the accident died. His testimony before the said judge was admitted in evidence without objection to show the negligence of the defendant company in this case. The defendant presented two witnesses who testified almost identically that the deceased eyewitness had made statements to them contrary to his testimony before the municipal judge and the plaintiff took an exception as to only one of these witnesses on the only ground that his testimony was hearsay evidence. It was held:

1. That perhaps the exception on the ground of hearsay might have been taken successfully by the appellant if it had included both witnesses and if the object had not been to impugn the veracity of the witness.

2. That in accordance with the doctrine laid down in the case of *The People v. Ruiz*, 7 P. R. R., 129, hearsay evidence is admissible to show that a deceased witness had made contradictory statements.

3. Objections to the admission of evidence should be made on specific grounds and if said grounds are without legal force the admission of said evidence cannot be assailed on appeal on grounds different from those set up in the court below.

The facts are stated in the opinion.

*Mr. José E. Benedicto* for Francisca Rodríguez as mother of Armando Dávila.

*Messrs. J. Henri Brown* and *Luis Muñoz Morales* for respondent.

Mr. Justice Wolf delivered the opinion of the court.

The court below after hearing the evidence on issues joined between the complainant and defendant rendered judgment in favor of the latter. Appellant alleged at the trial and in his brief that the negligence of the company should be presumed, inasmuch as the death of complainant's intestate was due to the falling of a live electric wire. The proof was conflicting, and the appellant at the hearing in this court abandoned the question of the presumption of negligence and solely maintained that the court below committed error in admitting certain oral proof whereby such conflict in the evidence was established.

Julián Dávila was the father of the complainant, Armando Dávila. He died from the shock produced by one of his hands coming in contact with one of the live wires under control of the defendant. At the preliminary investigation before the municipal judge on the day of the death, an investigation similar to a coroner's inquest, Leonardo Rodríguez, the only eye-witness of the accident, made the sworn declaration wherein he said that Julián Dávila was killed by putting out his left hand to prevent a falling wire striking his body when he was in a crouching position. Leonardo Rodríguez died before the trial and this testimony reduced to writing, although neither a dying declaration nor testimony given by a since deceased witness in a previous suit between the same parties, and plainly inadmissible if objection was made, was admitted in evidence without objection. Thereafter the defendant offered the testimony of two witnesses to prove that Leonardo Rodríguez had made totally different statements to those made before the municipal judge. The complainant objected to the admission of such proof, or part of it, on the ground of hearsay, but the court admitted the same and the complainant excepted as to one of the witnesses but not as to the other. These witnesses gave testimony tending to show that Rodríguez had told them that Dávila out of curiosity had approached the wire hanging from

a pole and had reached out and touched the same to remove it from the pole, dying from the shock. There was clear testimony of witnesses, experts and photographs tending to show that the live wire was at least two meters from the ground at the point where Dávila was struck; that the wire had been broken, but that the only part which contained a charge was the piece the lowest point of which was two meters from the ground.

We agree with the appellant that the testimony of the two witnesses was inadmissible as being hearsay, if they were offered only to show the way the accident happened. The record, however, shows several things: First, that the complainant, although objecting, took no exception to the testimony of the first witness; second, that the defendant stated through its counsel that it had suffered the declaration of Rodríguez to go in because it could be impugned by the statement of other witnesses; third, that there is a serious question if the statements of the two witnesses of defendant were offered for any other purpose than to impugn the veracity of the statement of Rodríguez; fourth, there is testimony showing *aliunde* the inherent improbability of the testimony of Leonardo Rodríguez.

It has, however, been suggested, although not by the appellant, that the testimony of the two witnesses was inadmissible because no foundation was laid for such testimony, inasmuch as it is a rule of evidence that in order to authorize the proof of inconsistent statements by a witness he must first have his attention drawn to them and be given an opportunity to explain them. It is a sufficient answer to this argument that Rodríguez was never a witness in any trial between the parties to this suit over the subject-matter in controversy. Rodríguez was dead, moreover, and it was impossible to give him an opportunity to explain. Even if he had been a witness at some trial between the parties, the authorities are conflicting as to whether impugning evidence can be introduced, but the question, we think, has been settled for this

jurisdiction by the case of *The People* v. *Ruiz,* 7 P. R. R., 129, in which similar declarations were deemed admissible.

The principal answer, however, to this argument is that the objection to the introduction of this impugning testimony was not put upon the basis that no proper foundation was laid. The objection, so far as specifically raised, was that the testimony was hearsay from the objection that no proper foundation was laid. Objections must be specific to avail an appellant. *Falero* v. *Falero,* 15 P. R. R. 111; *People* v. *Asencio,* 16 P. R. R., 341; *People* v. *Silva,* 17 P. R. R., 578; *Surís* v. *Quiñones,* 17 P. R. R., 643. Under these circumstances we do not think the court committed an error in admitting the testimony of the defendant's two witnesses.

We have not discussed the question of *res ipsi loquitur* raised in the briefs because that doctrine would only be applicable, if at all, after the proof that the death actually occurred by reason of the fall of the wire, and if the testimony of Rodríguez is not credible, there is nothing to show that plaintiff's intestate met his death by reason of such fall.

The judgment must be affirmed.

*Affirmed.*

Chief Justice Hernández and Justice Aldrey concurred. Justices MacLeary and del Toro dissented.